ELLIS, Judge.
This proceeding is before us on appeal from a ruling of the trial court granting a summary judgment in favor of the executor of the Estate of Elson A. Delaune. The appellant is the opponent of the proposed final account and one of seven children and forced heirs of decedent.
In the previous suit between these two litigants, which is reported at 138 So.2d 41, this court held that four certain “credit sales” made by decedent and his wife to six of the seven children were simulations and that, therefore, no property was conveyed thereunder. We further held that the one-half interest belonging to- the decedent’s pre-deceased wife was completely disposed of in her last will and testament and that by virtue of a compromise agreement, opponent is forever prevented from attacking that will or the result reached thereunder. We further held that a subsequent “family agreement” entered into between decedent and the same six children was not a simulation for the reason that, quoting from page 53 of that opinion, “There can be no question but that the act itself discloses con *66 sideration in the form of a mutual exchange of valuable property rights although the worth thereof remains undeclared by the parties to the transaction.”
In this litigation the opponent has contested the proposed final account on two grounds, namely: (1) that the executor, in determining the active mass of the succession, has erroneously included therein by fictitious return, donations inter vivos of cash made in exactly equal proportions, ($14,505.31 each) to all seven children, collation having been dispensed with by decedent’s last will; and (2) that the executor failed to include in the active mass of the succession the value of certain disguised donations inter vivos made by decedent to six of his seven children.
As to the first contention, LSA-Civil Code Article 1505 provides the method of determining the active mass of a succession, requiring that the value of donations inter vivos be added to the net value of the estate, and that the disposable and forced portions be calculated on the balance. We quote from Succession of Gomez, 226 La. 1092, 78 So.2d 411, as did the trial judge in his written reasons for judgment, as follows :
“The collation of donations provided in Article 1505 is only a fictitious collation made for the purpose of computing the active mass, and has nothing to do with the real or actual collation with which Article 1235 is concerned. Article 1235 does not in any way prohibit the fictitious collation ordered in Article 1505, but simply provides that actual collation is only due by forced heirs to their coheirs, and that it is not due to legatees or creditors. Article 1235 has for its purpose the equalization by actual collation of the portions which the forced heirs receive from the estate of the deceased (excepting, of course, donations inter vivos or mortis causa which have been made by the deceased to a forced heir as an advantage or extra portion).” (Emphasis added)
An examination of the decedent’s will convinces us that it was actual collation under LSA-Civil Code Article 1235 which the testator dispensed with should it be found that his gifts were unequal in value, and not the fictitious return required by LSA-Civil Code Article 1505. It is essential that the fictitious return be made in order to calculate the disposable and forced portions in accordance with the codal method. Testator’s will could not be executed unless these portions were actually determined by the only approved method. Dispensing with collation under Article 1235 of the LSA-Civil Code was an unnecessary part of decedent’s will, however, as the gifts to each child were in cash and equal to the last penny. Therefore, opponent’s first contention is without merit and the executor has properly fictitiously collated the $101,-537.17 (seven times $14,505.37) to determine the legitime.
This brings us to a consideration of the second contention of plaintiff and that is that under LSA-Civil Code Article 1505 the value of the property conveyed in the disguised donations should also have been fictitiously returned to the active mass of the succession. Certainly this is a true statement of the law, as we have just shown. However, opponent assumes as a fact which has not yet been proven, spe-fically, that the family agreement complained of was in fact a disguised donation.
Unquestionably opponent has a right and cause of action to offer proof that the family agreement, though valid, was a disguised donation, unless that cause of action has been previously exercised and passed upon by the courts. On this point we quote the concluding paragraph of the previous opinion in this re-occurring litigation :
“Plaintiff having alternatively attacked said agreement on the ground that it allegedly constituted a donation in disguise bore the burden of proving that *67 the price paid for the property therein transferred was below one-fourth its real value at the time of said conveyance. LSA-C.C. Article 2444. This plaintiff has failed to do. The record is devoid of evidence tending to establish either the value of the property or the mineral rights therein on the date of the Family Agreement.”
It is clear that the plaintiff is precluded from seeking to set aside the family agreement as a disguised donation as well as on the ground that it was a simulation, both of these contentions having been raised and decided adversely to the plaintiff when she was previously before this court, and certiorari was denied by the Supreme Court.
Accordingly, the judgment of the District Court is affirmed.
Affirmed.